UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPLIANCY GROUP, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DATA MOMMA, LLC, DBA PCIHIPAA, a California limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>Case No: 19-0030<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Compliancy Group, LLC by their attorneys, Mavronicolas & Dee LLP, respectfully states as follows:

## NATURE OF ACTION

1. This is a false advertising and unfair competition claim, among others. Defendant Data Momma, LLC, d.b.a. PCIHIPAA ("Defendant" or "Data Momma") has repeatedly falsely implied an association with The United States Department of Health and Human Services to scare Plaintiffs' customers into using their services. Defendant has also pretended to be a prospective client of Plaintiff to learn more about Plaintiff's services and obtain Plaintiff's trade secrets. Defendant has also given knowingly false information about legal compliance requirements to Plaintiff's clients in an attempt to secure business by said clients to the detriment of Plaintiff.

## JURISDICTION

2. This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of New York. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331

1

federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## JURY DEMAND

4. Pursuant the Seventh Amendment of the United States Constitution, Plaintiff demands a jury trial on each and every one of the claims as pled herein.

## PARTIES

5. Compliancy Group is a New York limited liability company with its principal place of business in Greenlawn, New York in good standing in New York. Compliancy Group's goal is to serve the healthcare industry by providing HIPAA compliance assistance.

6. On information and belief, Defendant is a California limited liability company with its principal place of business in Santa Monica, California.

7. As described further below, defendant conducts business throughout the United States.

## FACTS

8. Plaintiff is a private company which specializes in educating and servicing health care professionals on HIPAA compliance and simplifying the compliance process by providing a SaaS ("Software as a Service") guided self-audit and tracking tool which is overseen by a personal coach.

9. This action seeks redress for Defendant's deliberate and unlawful, false and misleading representations regarding its services concerning HIPAA compliance. Defendant has

marketed and sold its services based on false representations concerning government mandated HIPAA compliance along with other material misrepresentations.

10. Specifically, from 2016-2018 Defendant has contacted Plaintiff's clients stating falsely that the clients were required to complete a mandatory HIPAA risk assessment with one of Defendant's certified specialists.

11. Plaintiff's clients were contacted led to believe that they were legally required to fill out a mandatory "HIPPA Risk Assessment" by the end of each year per the requirements of the Department of State Health Services ("DSHS") and said clients were led to believe that Plaintiff was not providing this legally required service as part of their compliance package.

12. Plaintiff's clients were also led to believe that Defendant's representatives were calling directly from the US Department of Health and Human Services ("HHS") and/or that they were affiliated with other government entities including DSHS . See numerous online reviews from medical offices alleging the same tactics attached as Exhibit A from: https://www.judysbook.com/PCIHIPAAcom-HIPAA-Compliance-BtoB~Computer-Data-Recovery-and-Duplication-Services-paradisevalley-az-r29612088.htm

13. Upon information and belief, a press release dated October 31, 2018, by Defendant misleadingly implies that the U.S. Department of Health and Human Services Office for Civil Rights was also part of the statement.

14. Defendant contacted so many of the America Optometric Association's ("AOA") clients that the AOA sent a cease and desist letter to Defendant insisting that they stop their misleading advertising campaign targeted at their members.

15. Upon information and belief, it was not only Plaintiff's clients who Defendant misled but also clients of similar services such as Practice Compliance Solutions.

16. Further, in November of 2018, employees or agents of Defendant have contacted Plaintiff pretending to be doctors and/or representatives of various medical offices and have asked questions about Plaintiff's services, and requested demos, while posing as interested clients, rather than disclosing their affiliation with Defendant, in an attempt to obtain Plaintiff's protected trade secrets, including a proprietary demo, and to gain an unfair competitive advantage.

## FIRST CAUSE OF ACTION

### (False Advertising – Lanham Act)

17. Plaintiff incorporates by reference Paragraphs 1 through 16 above as though fully set forth herein.

18. Defendant has made and distributed, in interstate commerce and in this District, advertisements and/or solicitations that contain false or misleading statements of fact regarding its services. These statements contain actual misstatements and/or misleading statements and failures to disclose, including, among other things, misstatements regarding HIPAA compliance, Defendant's relationship with HHS, and whether individual customers are currently in compliance, despite their use of Plaintiff's services.

19. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

20. Defendant's false and misleading advertisements and omissions injure both consumers and Plaintiff.

21. Defendant's false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

22. Defendant has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate

remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 restraining defendant, its agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all defendant's false advertisements.

23. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from defendant the damages sustained by Plaintiff as a result of defendant's acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of defendant's acts.

24. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Data Momma's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorney's fees.

## SECOND CAUSE OF ACTION

**(Deceptive Practices Under New York Law N.Y. Gen. Bus. Law § 349)**

25. Plaintiff incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein.

26. Under the General Business Law of New York, NY GBL 349 (a), it is unlawful to engage in "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state…"

27. The above-described acts of Defendant constitute deceptive trade and business practices under the law of the State of New York, N.Y. Gen. Bus. Law § 349.

28. Defendant's implied association with HHS, DSHS and various other government entities is materially misleading to customers and the public influencing decisions to purchase

Defendant's products which are not necessary to be in compliance with HIPAA. Plaintiff and its customers have and will continue to suffer injury based on Defendant's deceptive trade practice which implies an association with HHS.

29. Upon information and belief, Defendant knew that their statements were deceptive and misleading when made.

30. Upon information and belief, the aforesaid misleading representations were made (a) for the purpose and with the intent of inducing purchasers to purchase Defendant's products; and/or (b) through the exercise of reckless and negligence oversight, to induce purchasers to purchase Defendant's products.

31. The representations were misleading when made and were, upon information and belief, known by Defendant to be untrue when made and were upon information and belief, made either with the intent to deceive or through reckless and/or negligence oversight, for monetary gain and without regard to the harm such misrepresentations and/or negligent conduct could or would cause Plaintiff and its customers.

32. As a result of Defendant's violations of Section 349(a) of the New York General Business Law, the Plaintiff is entitled to relief against the Defendant under Section 349(a) of the New York General Business Law, including: (a) an order enjoining further deceptive acts or practices, (b) compensatory monetary damages in an amount to be determined at trial, (c) punitive damages, (d) statutory damages in the amount of $1,000, (e) interest, and (f) reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

**(False Advertising under N.Y. Gen. Bus. Law §350)**

33. Plaintiff incorporates by reference Paragraphs 1 through 32 above as though fully set forth herein.

34. Under the General Business law of New York, NY GBL 350 it is unlawful to engage in "False advertising in the conduct of any business, trade or commerce…"

35. The above-described acts of Defendant constitute false advertising under the law of the State of New York, N.Y. Gen. Bus. Law §350.

36. Defendant's implied association with HHS is false advertising as are its scare tactics that potential customers are not currently in compliance with HIPAA. Customers have and will continue to suffer injury based on Defendant's false advertising.

37. Upon information and belief, Defendant knew that their statements were false when made.

38. Upon information and belief, the aforesaid false statements were made (a) for the purpose and with the intent of inducing purchasers to purchase Defendant's products; and/or (b) through the exercise of reckless and negligence oversight, to induce purchasers to purchase Defendant's products.

39. The representations were false when made and were, upon information and belief, known by Defendant to be untrue when made and were upon information and belief, made either with the intent to deceive or through reckless and/or negligence oversight, for monetary gain and without regard to the harm such false statements could or would cause Plaintiff and its customers.

40. As a result of Defendant's violations of Section 350 of the New York General Business Law, the Plaintiff is entitled to relief against the Defendant under Section 349(a) of the New York General Business Law, including: (a) an order enjoining further false advertising, (b) compensatory monetary damages in an amount to be determined at trial, (c) punitive damages, (d) statutory damages in the amount of $10,000, (e) interest, and (f) reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

**(Common Law Unfair Competition and Misappropriation of Intellectual Property Rights)**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein.

42. The above-described acts of Defendant constitute unfair competition arising under the common law of the State of New York.

43. The acts of Defendant complained of herein constitute common law unfair competition and misappropriation of Plaintiff's intellectual property rights, and have caused and will continue to case damage and irreparable injury to Plaintiff.

44. Upon information and belief, the acts of Defendant complained of herein have been committed intentionally, willfully, deliberately, and in reckless disregard of Plaintiff's legal rights.

45. Plaintiff has been damaged thereby and is entitled to recover compensatory and punitive damages, interest and attorneys' fees.

## FIFTH CAUSE OF ACTION

**(Federal Economic Espionage Act of 1996 (EEA))**

46. Plaintiff incorporates by reference Paragraphs 1 through 45 above as though fully set forth herein.

47. The Federal Economic Espionage Act of 1996 (EEA) (18 USC §§1831 *et seq*.), protects proprietary information and trade secrets from theft and misappropriation, and provides any organization that "*steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information*" can be held liable.

48. The EEA defines a "trade secret" under 18 USC §1839(3) to mean: "*all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques,*

*processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public."*

49. The deceptive acts of contacting and corresponding with Plaintiff under fake names and on behalf of fake medical practices in an attempt to illicit trade secrets and proprietary information as Defendant complained of herein constitute misappropriation of Plaintiff's proprietary information and secrets and such acts and the use of such information illegally obtained will continue to cause damage and irreparable injury to Plaintiff.

50. Plaintiff uses the trade secrets in connection with its services used in interstate commerce.

51. Upon information and belief, the acts of Defendant complained of herein have been committed intentionally, willfully, deliberately, and in reckless disregard of Plaintiff's legal rights.

52. As a result of Defendant's violations of the EEA, the Plaintiff is entitled under 18 U.S.C. § 1836(b)(3) to: (a) compensatory monetary damages in an amount to be determined at trial, (b) damages for unjust enrichment causes by the misappropriation of Plaintiff's trade secrets, (c) a doubling of the aforesaid damages due willful and malicious misappropriation, (d) interest, and (e) reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Compliancy Group, LLC, prays for judgment against Defendant, Data Momma, LLC, as follows:

A. For permanent injunctive relief prohibiting defendant, its agents, or anyone working for, in concert with or on behalf of defendant from engaging in false or misleading advertising with

respect to its services and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of defendant's false advertising.

B. For an order requiring defendant to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of its services, including without limitation, corrective advertising and written notice to the public.

C. That defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of its services.

D. That defendant be adjudged to have unlawfully and unfairly competed against Plaintiff using deceptive practices under the laws of the State of New York, Gen. Bus. Law § 349.

E. That defendant be adjudged to have used false advertising under the laws of the State of New York, Gen. Bus. Law §350

F. That defendant be adjudged to have unfairly competed against Plaintiff by engaging in common law unfair competition and misappropriation of intellectual property rights.

G. That defendant be adjudged to have violated the Federal Economic Espionage Act of 1996.

H. That Plaintiff be awarded damages Plaintiff has sustained in consequence of defendant's conduct.

I. That Plaintiff be awarded defendant's profits obtained as a consequence of defendant's conduct.

J. That such damages and profits be trebled and awarded to Plaintiff as a result of defendant's willful, intentional and deliberate acts in violation of Lanham Act. § 43(a).

K. That Plaintiff recover its costs and reasonable attorney's fees.

   L. That all of defendant's misleading and deceptive material and products be destroyed as allowed under 15 U.S.C. § 1118.

   M. That Plaintiff be granted prejudgment and post judgment interest.

   N. That Plaintiff be awarded punitive damages.

   O. That Plaintiff have such other and further relief as the Court deems just and proper.

Dated: January 2, 2019

               Respectfully submitted,

               <u>/s/ Peter C. Dee</u>
               Peter Dee
               Mavronicolas & Dee LLP
               3 Park Avenue, 15th Floor
               New York, NY 10016
               pdee@mavrolaw.com
               T: (646) 770-1256
               F: (866) 774-9005

               *Attorneys for Plaintiff Compliancy Group, LLC*