Nicholas Ranallo, Attorney at Law
Cal Bar No. 275016
5058 57th Ave. South
Seattle, WA 98118
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email:        nick@ranallolawoffice.com
Attorney for Plaintiff Compliancy Group, LLC

Willmore F. Holbrow III (Cal Bar No. 169688)
Matthew L. Seror (Cal Bar No. 235043)
Buchalter
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email:  wholbrow@buchalter.com

Attorney for Defendant Data Momma, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Compliancy Group, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Data Momma, LLC<br><br>    Defendant. | Case No. 2:19-cv-02565-CBM-AFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conf.:   July 23, 2019<br>Time:                       10:00 am<br><br>Courtroom of Judge Marshall |

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Orders re: scheduling conference.

## COURT'S STANDING ORDER

### A. Brief Statement of Factual Summary

#### i. Plaintiff's Statement

The instant case was filed on January 2, 2019 in the Eastern District of New York. Plaintiff alleges causes of action for false advertising and unfair competition under the Lanham Act and New York state law. The claims are fundamentally based on the allegations that Defendant has contacted numerous businesses – including Plaintiff's clients – and falsely stated or implied a) that they are associated with various state or federal agencies; b) that the services provided by Plaintiff do not meet the requirements of the state and federal regulations; and c) that Defendant provides necessary, required services that Plaintiff has not been providing. Agents of defendant have also contacted Plaintiff directly while posing as doctors or other potential clients in an attempt to obtain proprietary information and trade secrets regarding Plaintiff's business.

#### ii. Defendant's Statement

Plaintiff's allegations lack merit and Defendant denies the same.

### B. Subject Matter Jurisdiction

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. §1121 (Lanham Act), and 28 U.S.C. §1367 (supplemental jurisdiction).

### C. Key Legal Issues

The key legal issues include whether the prima facie elements of the asserted causes of action are present here.

### D. Probable Damages

#### (i) Plaintiff's Position

It is difficult to accurately estimate the measure of compensatory damages attributable to Defendant's false advertising claims and Lanham Act claims at this

time, as further discovery is needed to assess the extent of Defendant's contacts and false advertisements directed at Plaintiff's current or potential employees. The Lanham Act permits treble damages in some circumstances, including those relevant herein.

The Lanham Act and the relevant state statutes permit injunctive relief prohibiting further false advertising, as well as an award of costs and attorney fees. Section 349(a) of New York General Business Law additionally entitles Plaintiff to seek punitive damages, statutory damages in the amount of $10,000, interest, and reasonable attorney's fees for violation of New York General Business Law Section 350, and an additional award of statutory damages in the amount of $1000 for violation of N.Y. Gen. Bus. Law Section 349. Finally, the EEA permits recovery of compensatory damages, 2X damages for unjust enrichment, and reasonable attorney fees.

### (ii) Defendant's Position

No damages will be awarded. Defendant will seek costs and fees in view of the frivolity of Plaintiff's claims.

### E. Likelihood of Additional Parties

The parties are not presently aware of any additional or related parties that would be added.

### F. Complex Litigation

The parties do not believe that procedures from the Manual for Complex Litigation are necessary in this action.

### G. Proposed Discovery Cutoff

The parties propose a discovery cutoff date of February 25, 2020.

### H. Contemplated Motions

Plaintiff may seek leave to amend the complaint to add or substitute causes of action under California law, in addition to the Lanham claims pled in the initial

complaint.  Plaintiff intends to seek summary judgment upon the close of discovery, should this matter proceed that far.  Defendant may seek leave to amend to add causes of action and will also likely seek summary judgment, at the appropriate time.

### I. Prospects of Settlement

None at this time.

### J. Jury Trial

Each party has sought trial by jury on all issues so triable.

### K. Estimated Length of Trial

The parties estimate that this matter will require 3-5 days for trial.

### L. Attorneys who will try case

Nicholas Ranallo, for Plaintiff.  Willmore F. Holbrow and Matthew Seror for Defendant.

### M. Consent to Magistrate Jurisdiction

The parties do not consent to magistrate jurisdiction.

## INFORMATION REQUESTED BY CASE MANAGEMENT ORDER

### 1. Nature of Case/Date Filed

False and Misleading Statements/Misappropriate of Trade Secrets

Case Filed on January 2, 2019.

### 2. Number of Depositions to be Taken

Plaintiff suspects that it will be required to take between 5-10 depositions, including depositions of Defendant's officers, employees, and potentially a 30(b)(6) deposition of the entity itself.  Plaintiff has not yet scheduled any depositions, though will work with counsel for Defendant to schedule the same.  Defendant anticipates that it may need to take between 10-20 depositions, depending on the scope of Plaintiff's claims.

### 3. Written Discovery

Plaintiff has not yet proffered any written discovery, and as such no responses are presently due. Plaintiff intends to propound requests for admissions and request for production of documents in the 30 to 60 days after the Scheduling Conference, and intends to propound interrogatories either in conjunction with the written discovery requests identified above, or following receipt of responses to the initial phase of discovery requests. Defendant propounded Interrogatories and Requests for the Production of Documents on Plaintiff on July 11, 2019 and expects responses by mid-August.

### 4. Expert Disclosures/ – 5. Proposed Pre-Trial Conference Date

The Parties do not believe that discovery should be conducted in phases or limited to particular issues and propose that discovery should be completed in accordance with the following proposed case management dates:

| | |
|---|---|
| Last Day Add Claims/Parties | August 5, 2019 |
| Fact Discovery Cut-off | February 25, 2020 |
| Initial Expert Reports | March 21, 2020 |
| Rebuttal Expert Reports | April 25, 2020 |
| Expert Discovery Cut-Off | May 24, 2020 |
| Last Day Motions May be Heard | July 13, 2020 |
| Pretrial Conference | September 21, 2020 |
| Trial to Begin | October 20, 2020 |

### 6. Date Demand for Jury Trial Filed

Plaintiff included a jury demand in its initial complaint, filed on January 2, 2019. Defendant likewise included a jury demand in its Answer, filed on March 1, 2019.

### 7. Prospects of Settlement

The parties believe that after a moderate amount of discovery, they will be in a better position to discuss settlement.

### 8. Consent to Magistrate

Plaintiff does not consent to magistrate jurisdiction.

### 9. Contemplated Motions

Plaintiff anticipates seeking leave to amend the complaint to include California causes of action that augment and mirror the New York causes of action, based on the allegations set forth in the original complaint. Plaintiff likewise envisions seeking summary judgment, should this matter not settle.

### 10. ADR Selection

The parties preference is to mediate in a private dispute resolution proceeding pursuant to L.R. 16-15.4 (option 3).

### **Information Re: FRCP 26 and Not Previously Addressed Above**

**a) Initial Disclosures**

The parties will exchange initial disclosures by July 30, 2019.

**b) Subjects of Discovery**

Plaintiff anticipates seeking discovery on the nature and extent of communications sent to Plaintiff's clients, the nature and extent of Defendant communications stating or implying that they are in any way related to any state or federal government agency, the nature and extent of Defendant advertisements falsely stating or implying federal or state regulations or rules, and the role of Defendants' members, managers, and employees in creating the materially false advertisements and communications. Plaintiff will likewise seek information related to profits related to Defendants' false advertising. Defendant will seek discovery

from Plaintiff and from third parties related to the allegations contained in Plaintiff's complaint.  In addition, Defendant anticipates seeking discovery related to Plaintiff's claims for damages.

**c) Protective Order**

The parties will attempt to negotiate a stipulation and proposed confidentiality order, including provisions for an order under Federal Rule of Evidence 502 including ESI.

DATED: July 16, 2019     NICHOLAS RANALLO, ATTORNEY AT LAW

By: /s/ *Nicholas Ranallo*
Nicholas Ranallo (Cal Bar # 275016)
Attorney for Plaintiff
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229
nick@ranallolawoffice.com

DATED: July 16, 2019     BUCHALTER, A PROFESSIONAL CORPORATION

By: */s/Willmore F. Holbrow III*
Willmore F. Holbrow III (Cal Bar #169688)
Matthew Seror (Cal Bar #235043)
Attorneys for Defendant
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
(213) 891-0700
wholbrow@buchalter.com