Willmore F. Holbrow III (Cal Bar No. 169688)
Matthew L. Seror (Cal Bar No. 235043)
BUCHALTER, APC
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email:  wholbrow@buchalter.com

Attorneys for Defendant Data Momma, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Compliancy Group, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Data Momma, LLC<br><br>    Defendant. | Case No. 2:19-cv-02565-CBM-AFM<br><br>**DEFENDANT DATA MOMMA, LLC'S COUNTERCLAIM AGAINST COMPLIANCY GROUP, LLC**<br><br>**DEMAND FOR JURY TRIAL** |
| Data Momma, LLC<br><br>    Counterclaimant,<br><br>v.<br><br>Compliancy Group, LLC<br><br>    Counterdefendant. | |

Pursuant to Rules 12 and 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Data Momma, LLC d/b/a PCIHIPAA ("PCIHIPPA") bring this Counterclaim against Plaintiff and Counter-Defendant Compliancy Group, LLC ("Compliancy Group").

1. PCIHIPPA is a limited liability company organized and existing under the laws of the State of California and is authorized to do business in the State of California.

2. Upon information and belief, Compliancy Group is a New York limited liability company with its principal place of business in Greenlawn, New York.

3. Compliancy Group is subject to personal jurisdiction in this Court by virtue of both its contacts with the state of California and Compliancy Group's prosecution of its claims against PCIHIPAA in this Court.

4. This Court has supplemental jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1367.

5. PCIHIPAA is informed and believes, and on that basis alleges, that Compliancy Group does business throughout the United States, including a substantial amount of business in the state of New Yok and within this judicial district.

6. PCIHIPAA offers a variety of products and services to its customers designed to assist companies with issues relating to the Health Insurance Portability and Accountability Act ("HIPAA"). PCIHIPAA provides a full complement of HIPAA compliance solutions for healthcare providers and other professionals regulated by HIPAA.

7. PCIHIPAA uses various trademarks in connection with its products and services to clients, including "PCIHIPAA" and "OFFICESAFE."

8. PCIHIPAA is informed and believes, and on that basis alleges, that Compliancy Group also offers HIPAA compliance related products and services and is a competitor of PCIHIPAA.

9. PCIHIPAA is informed and believes, and on that basis alleges, that Compliancy Group has engaged, and continuing to engage, in an intentional and deliberate campaign to unfairly and unlawfully compete with PCIHIPAA in the HIPAA compliance industry.

10. PCIHIPAA is informed and believes, and on that basis alleges that Compliancy Group is unfairly and unlawfully competing with PCIHIPAA in a variety of ways, including without limitation, by improperly using PCIHIPAA's trademarks on the Compliancy Group's website and elsewhere to confuse consumers as to a potential association or affiliation between Compliancy Group and PCIHIPAA and to weaken the strength of PCIHIPAA's source identifiers (See e.g., attached Exhibit A); and improperly encouraging, creating and/or facilitating complaints about PCIHIPAA, and their submission to governmental agencies and third parties, without regard to their veracity.

11. PCIHIPAA is informed and believes, and on that basis alleges, that the purpose behind Compliancy Group's improper efforts is to harm PCIHIPAA and drive it out of business, thereby eliminating a competitor. PCIHIPAA is further informed and believes that Compliancy Group's senior executives were not only aware of and encouraged the improperly campaign against PCIHIPAA, but were directly involved with its implementation.

## **FIRST CAUSE OF ACTION**

(Violation of Business and Professions Code § 17200)

12. PCIHIPAA incorporates by reference Paragraphs 1 through 11 above as though fully set forth herein.

13. The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* prohibits unlawful, unfair and fraudulent business practices and acts and unfair, deceptive, untrue or misleading advertising and any act prohibited by Cal. Bus. & Prof. Code §§ 17500.

14. Compliancy Group has violated the UCL by engaging in the conduct set forth herein and by, including without limitation, actively encouraging and soliciting the promulgation of deceptive and inaccurate information regarding PCIHIPAA, its business and its legitimacy, and by using confusingly similar variations of PCIHIPAA's trademarks on its own website in an effort to confuse and mislead consumers.

15. Compliancy Group's acts of unfair competition have caused, and will continue to cause, irreparable injury to PCIHIPAA. The injury to PCIHIPAA includes harm to its business that cannot be remedied solely through a monetary payment. As such, PCIHIPAA has no adequate remedy at law.

16. PCIHIPAA is entitled to preliminary and permanent injunctions restraining and enjoining Compliancy Group and its agents, servants, employees, and all persons acting in concert therewith or on their behalf, from engaging in the conduct set forth herein.

17. PCIHIPAA is informed and believes, and on that basis alleges, that the conduct of Compliancy Group will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION

(Violation of New York General Business Law § 349 *et seq.*)

18. PCIHIPAA incorporates by reference Paragraphs 1 through 17 above as though fully set forth herein.

19. New York General Business Law § 349(a) *et seq.* prohibits the use of "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York.

20. The conduct of Compliancy Group as detailed herein constitutes "deceptive acts or practices" undertaken in connection with business, trade, commerce and in connection with furnishing services. The actions undertaken by Compliancy Group as set forth herein constitutes deceptive acts and practices insofar as they deceive the public generally, and potential clients of PCIHIPAA specifically, as to the quality and effectiveness of PCIHIPAA's products and services and a potential affiliation or association between Compliancy Group and PCIHIPAA.

21. PCIHIPAA is informed and believes, and on that basis alleges, that the conduct of Compliancy Group as set forth herein will continue unless enjoined by this Court.

22. Due to Compliancy Group's violation of New York General Business Law § 349, PCIHIPAA is entitled to (a) an injunction to enjoin Compliancy Group's unlawful acts and practices; (b) PCIHIPAA's actual damages or a statutory award (whichever is greater); (c) punitive damages; (d) interest; (e) PCIHIPAA's attorney's fees and costs.

### THIRD CAUSE OF ACTION

(Violation of New York General Business Law § 350 *et seq.*)

23. PCIHIPAA incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

24. New York General Business Law prohibits the use of "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service" in New York.

25. The conduct of Compliancy Group as detailed herein constitutes "false advertising" undertaken in connection with business, trade, commerce and in connection with furnishing services. The actions undertaken by Compliancy Group

as set forth herein constitutes false advertising, including without limitation its willful and intentional misuse of PCIHIPAA's trademarks, as their own, for the purpose and intent of inducing purchasers to mistakenly purchase Plaintiff's products and services; and/or through the exercise of reckless and negligence oversight, to induce purchasers to do the same.

26. PCIHIPAA is informed and believes, and on that basis alleges, that the conduct of Compliancy Group as set forth herein will continue unless enjoined by this Court.

27. Due to Compliancy Group's violation of New York General Business Law § 350, PCIHIPAA is entitled to (a) an injunction to enjoin Compliancy Group's unlawful acts and practices; (b) PCIHIPAA's actual damages or a statutory award (whichever is greater); (c) punitive damages; (d) interest; (e) PCIHIPAA's attorney's fees and costs.

## PRAYER

**WHEREFORE**, PCIHIPAA prays for judgment as follows:

1. That judgment be entered in its favor on its Counterclaims;
2. That Compliancy Group be adjudged to have violated California Bus. & Prof. Code §§ 17200, *et seq.*;
3. That Compliancy Group be adjudged to have violated New York General Business Law §§ 349, 350 *et seq.*;
4. The issuance of a preliminary and permanent injunction enjoining Compliancy Group from engaging in the acts complained of herein;
5. That PCIHIPAA be awarded damages it has sustained as a result of Compliancy Group's conduct;
6. The PCIHIPAA be awarded statutory damages as permitted by law;
7. That PCIHIPAA be awarded its attorney's fees and costs as permitted

by law;

8. That PCIHIPAA be awarded punitive damages as permitted by law;

9. That PCIHIPAA be awarded pre and post judgment interest; and

10. For such other and further relief as this Court deems just and proper.

DATED: January 17, 2020     BUCHALTER, A PROFESSIONAL CORPORATION

By: */s/ Willmore F. Holbrow III*
Willmore F. Holbrow III (Cal Bar #169688)
Matthew Seror (Cal Bar #235043)
Attorneys for Defendant Data Momma, LLC

## **DEMAND FOR TRIAL BY JURY**

PCIHIPAA hereby demand a trial by jury on all issues in its Counterclaim that are triable by jury.

DATED: January 17, 2020     BUCHALTER, A PROFESSIONAL CORPORATION

By: */s/ Willmore F. Holbrow III*
Willmore F. Holbrow III (Cal Bar #169688)
Matthew Seror (Cal Bar #235043)
Attorneys for Defendant Data Momma, LLC

# Exhibit A

Have a Question? Call 855-854-4722



🔒 Client Login    💳 Purchase A License



About ⌄    Software ⌄    Demo    Partner ⌄    Resources ⌄    Contact

# PCI HIPAA Compliance:
# How to Keep Your Office Safe

Understanding the PCI HIPAA compliance requirements is essential to keeping your office safe from data breaches and government fines.



GET THIS!

**Learn How We Make You HIPAA Compliant!**



BECOME HIPAA COMPLIANT!

## Understanding PCI for Healthcare

PCI HIPAA compliance standards are a set of security safeguards that are meant to safeguard the integrity of financial information in transmission. In long form, it's known as the Payment Card Industry Data Security Standard (PCI DSS).

PCI DSS requirements apply to all organizations that store, process, or transmit cardholder data. PCI HIPAA compliance is about addressing specific, finite requirements to safeguard the integrity of financial information. PCI HIPAA compliance focuses heavily on network and data security.

Some of these PCI DSS requirements may seem to overlap with HIPAA compliance standards. But to keep your office safe, the important thing to remember is that PCI and HIPAA audits must be independently addressed with their own remediation plans.

PCI is broken into twelve major DSS requirements:



**Get a FREE HIPAA Checklist!**

GET MY CHECKLIST!

| Goal | PCI DSS Requirements |
|------|----------------------|
|      | 1. Install and maintain a firewall configuration to protect |