Nicholas Ranallo, Attorney at Law
Cal Bar No. 275016
5058 57th Ave. South
Seattle, WA 98118
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Plaintiff Compliancy Group, LLC

WILLMORE F. HOLBROW III (SBN: 169688)
    wholbrow@buchalter.com
MATTHEW L. SEROR (SBN: 235043)
    mseror@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017
T: 213.891.0700
F: 213.896.0400

Attorneys for Defendant
DATA MOMMA, LLC, dba PCIHIPAA,
 A California limited liability company

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Compliancy Group, LLC<br>          Plaintiff,<br><br>v.<br><br>Data Momma, LLC<br><br>    Defendants.<br>_____<br>Data Momma, LLC<br>       Counterclaimant<br><br>v.<br><br>Compliancy Group, LLC<br>         Counterdefendant | Case No. 2:19-cv-02565-CBM-AFM<br><br>**DISCOVERY MATTER: Joint Stipulation re: Plaintiff's Motion to Compel and Defendant's Cross-Motion for Protective Order**<br><br>**Discovery Cutoff:  June 1, 2020**<br>**Pretrial Conf: Oct. 13, 2020**<br>**Trial Date:  Nov. 10, 2020**<br><br>**Hearing Date:       May 5, 2020**<br>**Time:                  10:00 a.m.**<br>**Courtroom:         780 (7th Floor)**<br><br>**Magistrate Alexander F. MacKinnon** |

1

# TABLE OF CONTENTS

**Plaintiff's Introductory Statement**……………………………………..…………..3

**Defendant's Introductory Statement**……………………………………………….4

**Verbatim Text of CG's 30(b)(6) "Area of Inquiry" and DM's Objection**…..………5

**Issue in Dispute**…………………………………………………….……………...5

**Plaintiff's Contentions and Points of Authority**……………….…………………..6

    A. DM's Emailed Objections are Without Legal Force or Effect………………..6
    B. A General 'Privacy' Objection Does Not Support an Instruction
       Not to Answer at a Deposition…………………………………..…………..7
    C. DM Should Be Compelled to Immediately Provide All Contact
       Information Within the Company's Knowledge…………………………….8

    D. The Court Should Impose Sanctions Pursuant to Federal Rules 30(d)(2)
       and 37(a)(5) on Defendant or Defendant's Counsel…………………….……..9

**Defendant's Contentions and Points of Authority**………………………………..10

    1. Plaintiff's Deposition Notice……………………………….………………10
    2. The Information Sought by Plaintiff Constitutes Personal Information
       of Defendant's Former Employees…………………………………………10
    3. Jeff Broudy's Deposition and the Instruction Not to Answer…..…………..11
    4. Counsel's Instruction Not to Answer was Appropriate Based on the
       Privacy Interests Implicated………………………………………………..11
    5. The Questionable Relevance of the Information Sought Does
       Not Outweigh the Privacy Interests of Steve Nachwalter,
       Jamie Montana, and Ismaray Reigosa…………………………………….12
    6. In the Alternative, Defendant seeks the Issuance of a Protective
       Order to Limit any Discovery Permitted by the Court………………….13
    7. Plaintiff's Request for Sanctions on Its Motion To Compel………...……….14

**Plaintiff's Introductory Statement**

On or around January 28, 2020, Plaintiff Compliancy Group, LLC ("CG") served a Notice of 30(b)(6) Deposition of Defendant Data Momma, LLC d/b/a PCIHIPAA setting a deposition date of February 18, 2020 and further setting forth numerous areas of inquiry. These areas of inquiry included an entry requesting "All information regarding the present contact information for Steve Nachwalter, Jamie Montana, and Ismaray Reigosa." See Ranallo Declaration at ¶3. Each of the identified individuals was employed by Defendant during the relevant time period and has since left the company. See Ranallo Declaration at ¶4-5.

At the request of Defendant's counsel, the February 18th deposition date was delayed by one week, and Plaintiff subsequently served an Amended Notice of 30(b)(6) Deposition that included the same identified areas of inquiry, including the contact information of the aforementioned individuals. Ranallo Dec. at ¶7. On February 24th at approximately 3:15 p.m., counsel for Defendant emailed a document purporting to object to each and every area of inquiry identified in Plaintiff's Notice. Ranallo Dec. at ¶8.

Defendant appeared on February 25th through its CEO Jeff Broudy. At the outset of the deposition, counsel for Plaintiff remarked upon the purported objections served the afternoon prior, and asked Mr. Holbrow – counsel for Defendant – whether he would like to adjourn the deposition to seek a protective order in connection with any of the purported objections. Mr. Holbrow rejected the offer and the deposition commenced. Ranallo Dec. at ¶8-9. When Mr. Broudy was questioned regarding the contact information for the three named individuals, he confirmed that he did have contact information for each. When asked to provide the contact information, Mr. Holbrow objected and instructed his client not to answer. Ranallo Dec. at ¶10. Counsel for Plaintiff recited the text of Fed. R. Civ. Proc. 30(c)(2), including the operative language that "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." When pressed regarding which

of these grounds he was basing his instruction not to answer, Mr. Holbrow answered "one of the three." This objection and rationale was repeated in connection with requests regarding all three individuals identified in the 30(b)(6) Notice. Ranallo Dec. at ¶11. Notably, Defendant would not provide the information subject to a "Confidential" or "Attorney's Eyes Only" designation.

Plaintiff's counsel sent an email on February 27, 2020, requesting an opportunity to meet and confer regarding the instruction not to answer and the instant Motion to Compel and did not receive any response. Ranallo Dec. at ¶12. On March 4, 2020, Plaintiff's counsel followed up regarding the prior request to meet and confer, and received no response. Ranallo Dec. at ¶12. Plaintiff's counsel followed up again on March 5th, and again received no response. Ranallo Dec. at 12. On March 6th Plaintiff's counsel attempted to call Mr. Holbrow and left a voicemail. Ranallo Dec. at ¶13. On March 9th Plaintiff's counsel sent a final email noting that more than 10 days had passed since the request to meet and confer and that he would have no choice but to file the motion to compel without input from Defendant unless a meet and confer was promptly scheduled. Counsel for Plaintiff and Defendant spoke on the phone on March 9, 2020, though no authority was cited for the proposition that an instruction not to answer was appropriate or supported by any authority. Ranallo Dec. at ¶14. As such, the instant motion is clearly necessary.

**Defendant's Introductory Statement:**

During the deposition of Defendant's corporate designee, Plaintiff's counsel asked the deponent questions seeking personal information, including the home addresses and phone numbers, of Steve Nachwalter, Jamie Montana and Ismaray Reigosa, three former employees of Defendant ("Former Employees' Confidential Personal Information"). Defendant's counsel objected to Plaintiff's questions seeking the personal information on privacy and confidentiality grounds, and on the basis of the asserted objections instructed

Defendant's witness to not answer those questions. As counsel discussed at the deposition, in light of historic and recent concerns regarding disclosing private, personal, information, Defendant is concerned about disclosing the personal information of former employees absent a court order.

Although the named individuals are not completely irrelevant to this lawsuit, Defendant contends that the personal information sought, and any meaningful discovery that Plaintiff may seek from these third parties, can be obtained from current employees without the need for disclosing personal information. Accordingly, by seeking this information and contacting former employees, Plaintiff is needlessly increasing the costs of litigation.

Defendant respectfully requests that the court preclude Plaintiff's efforts to seek the discovery of the personal information of Defendant's former employees. In the alternative, if the Court is inclined to permit the disclosure of the Former Employees' Confidential Personal Information, Defendant requests that the Court issue a protective order to limit the use of that information.

**Verbatim Text of CG's 30(b)(6) "Area of Inquiry" and DM's Objection**

<u>Area of Inquiry</u>: All information regarding the present contact information for Steve Nachwalter, Jamie Montana, and Ismaray Reigosa.

<u>Objection</u>: Defendant objects to Topic No. 6 in the Notice on the grounds that it seeks private or confidential information regarding Mr. Nachwalter, Mr./Ms. Montana, and Ms. Reigosa.

**Issue in Dispute**

Whether Defendant's counsel may properly instruct Defendant's corporate representative not to answer deposition questions requesting the contact information of three former

employees that are within the knowledge of Defendant.

**Plaintiff's Contentions and Points of Authority:**

Plaintiff contends that a) DM's objections emailed the afternoon before the scheduled deposition are without legal effect and do not support a subsequent refusal to answer; b) a generalized "privacy" objection does not support an instruction not to answer a deposition question; c) DM should be compelled to immediately provide all contact information in its possession for each of the three employees; and d) the Court should impose sanctions pursuant to Fed. R. Civ. Proc. 30 and 37.  Points of authority in favor of each proposition are set out further below.

    A.  <u>DM's Emailed Objections are Without Legal Force or Effect</u>

As an initial matter, Defendant's reliance on purported "Objections" emailed on the eve of the deposition does not provide a basis for subsequently refusing to answer (or instructing a party not to answer) any question at the ensuing deposition.  The case law on this issue is clear.  Indeed, the Central District of California addressed this precise scenario little more than a year ago, in <u>Darbeevision, Inc. v. C&A Mktg.</u>, 2019 U.S. Dist. LEXIS 134914 (C.D. Cal. January 28, 2019), and its decision was unequivocal.  As stated therein, "Defendant did not satisfy its burden simply by serving objections, if Defendant intended not to answer questions on specific Rule 30(b)(6) topics.  The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order."  Id. at *25.  Judge Segal goes on to quote extensively from the leading case on the issue, <u>New England Carpenters Health Benefits Fund v. First DataBank, Inc.</u>, including noting that

> "if counsel for [defendant] was of the view that the plaintiff's 30(b)(6) deposition notice was defective or improper in some way…it was [defendant's] burden to seek protection pursuant to Rule 26(c).  **What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel.**  Put simply and clearly, absent agreement, a party who for one reason or

another does not wish to comply with a notice of deposition must seek a protective order." Darbeevision at *25-26, quoting New England Carpenters Health Benefits Fund v. First DataBank, Inc., 242 F.R.D. 164, 165-166 (D. Mass. 2007).

The foregoing authorities demonstrate clearly that Defendant's course of action in this matter is precisely the practice prohibited by Darbeevision and its supporting authority. Rather than attempting to raise the issue during the weeks preceding the noticed deposition, Defendant's counsel instead attempted to serve "objections" on the eve of the deposition, instructed his client not to answer the purportedly objectionable questions, and then "put the burden on the party noticing the deposition to file a motion to compel" and now seeks to justify its non-compliance in opposition to the instant motion to compel.

    B. <u>A General 'Privacy' Objection Does Not Support an Instruction Not to Answer at a Deposition</u>

Fed. R. Civ. Proc. 30(c)(2) governs objections at a deposition. Pursuant to that rule, counsel is permitted to state objections "concisely in a nonargumentative and nonsuggestive manner," but that "*the testimony is taken subject to any objection*." The rule goes on to state unequivocally that "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. Proc. 30(c)(2). The instant objection does not fit any of the limited exceptions set forth in Rule 30(c)(2). The requested information does not impinge on – or even implicate – any relevant privilege. The only limitation on discovery in this matter are the terms of the Protective Order entered by the Court on August 21, 2019. As noted above, this Protective Order provides for the designation of certain information as "Confidential" or "Attorney's Eyes Only." Defendant's representative failed to provide the information, even subject to either of these designations. Finally, it is apparent from the record that Defendant did not present a motion pursuant to Rule 30(d)(3). As such, it is manifestly improper for Defendant's counsel to instruct the witness not to answer, even if its general privacy objection were sufficient to prevent disclosure if properly presented (which it is not).

    Indeed, Defendant has yet to provide any authority in response to the request to Meet and Confer supporting either the proposition that the company may assert a privilege objection on behalf of former employees, or that any such objection would be sufficient to prevent the turnover of highly relevant information. Plaintiffs allegations in this matter concern numerous false and misleading advertising practices, including misleading telephone solicitations and the posting of false reviews by Defendant's employees. The individuals whose information is sought include an individual known to have authored false reviews, the former head of the call center who parted ways with the company after the outset of this litigation, and a third individual believed to have first-hand information regarding both practices and the consumer complaints received as a result of the misleading communications. Each is a likely witness in this matter, and Defendant possesses the information needed by Plaintiff to contact the witnesses and, if necessary, to subpoena their attendance at depositions. The information is clearly within the scope of discovery envisioned by Fed. R. Civ. Proc. 26, and whatever burden is imposed on the former employees by virtue of having to answer questions under oath about its former employer and employment is vastly outweighed by Plaintiff's need for the requested information.

C. <u>DM Should Be Compelled to Immediately Provide All Contact Information Within the Company's Knowledge</u>

    For the reasons set forth above, Plaintiff is entitled to an Order compelling Defendant's corporate representative to be re-deposed, with all additional costs to be borne by Defendant  See, e.g. <u>Darbeevision</u> at *33. In an effort to minimize costs on the parties, in lieu of a second corporate deposition Plaintiff will agree to accept an affidavit – executed under penalty of perjury within 7 days of the date of decision herein – stating that Mr. Broudy has conducted a thorough search of his own and his company's records, and setting forth all known addresses, telephone numbers, and email addresses for the three former employees at issue in lieu of a second corporate deposition. This option was raised

during the conference of counsel, but Defendant nonetheless refused to provide the requested information.

### D. The Court Should Impose Sanctions Pursuant to Federal Rules 30(d)(2) and 37(a)(5) on Defendant or Defendant's Counsel.

Fed. R. Civ. Proc. 30(d)(2) empowers a court to "impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of a deponent." Clearly, Mr. Holbrow's instruction to his client not to answer the subject questions despite the express directives of Rule 30(c)(2) was an impediment to the fair examination of the deponent. Indeed, it is the ultimate manifestation of an impediment to the fair examination, but foreclosing the provision of any information by the witness. See Adv. Comm. Notes to 1993 Amendments to Rule 30(c)(formerly Rule 30(d))("directions to a deponent not to answer a question can be even more disruptive than objections"). As set forth above (and read to Mr. Holbrow during the deposition) Rule 30(c)(2) provides only three limited circumstances where an instruction not to answer is appropriate. "Privacy" is not one of the delineated exceptions. As such, Mr. Holbrow is properly subject to sanctions under Fed. R. Civ. Proc. 30(d)(2). The costs and fees incurred in litigating the instant issue, and any additional costs associated with obtaining a response or re-deposing Defendant, should rightly be borne by Mr. Holbrow.

In addition to the authority granted by Fed. R. Civ. Proc. 30(d)(2), Rule 37(a)(5) dictates that if a Motion to Compel is granted, "the court must, after giving an opportunity to be heard, require the part or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless certain mitigating factors are present. In this case, none are applicable. Movant herein made numerous attempts to meet and confer regarding this issue prior to the instant motion. Although no written response was ever received from Defendant, counsel did confer by telephone on March 9, 2020

1 regarding the instant motion. The second exception to the general rule of fee-shifting is if
2 the nondisclosure "was substantially justified. Here, there is simply no argument about the
3 underlying facts. The reasons to instruct a deponent not to answer are limited and, as set
4 forth above, none even arguably apply to the present situation. An untimely attempt to
5 secure a protective order by cross-motion does not excuse the prior instruction not to
6 answer, despite Defendant's belated pleas. Finally, Defendant can point to no
7 circumstances that would make such an award unjust in the present case. Defendant's
8 counsel instructed his client not to provide relevant information within the witness'
9 knowledge, and has yet to even try to cite to any authority for his actions. As a result,
10 Plaintiff has been forced to expend time and energy to obtain straightforward contact
11 information for Defendant's former employees. There is no reason that Plaintiff should
12 bear these increased costs, or that Defendant should be spared the same.

**Defendant's Contentions and Points of Authority:**

    **1.**    <u>Plaintiff's Deposition Notice</u>

Among the twenty-six topics included in Plaintiff's deposition notice of Defendant topic number six: "All information regarding the present contact information for Steve Nachwalter, Jamie Montana and Ismaray Reigosa." Defendant served written objections to this deposition topic prior to the commencement of Defendant's deposition objecting to this topic on the grounds that it sought private and confidential information of the identified individuals. Holbrow Decl., ¶ 4.

    **2.**    <u>The Information Sought by Plaintiff Constitutes Personal Information of Defendant's Former Employees</u>

Insofar as Plaintiff's requests seeks the present contact information of Steve Nachwalter, Jamie Montana and Ismaray Reigosa, Plaintiff unquestionably seeks the private and "personal information" of these individuals. See California Civil Code §§ 1798.140 (o)(a)(A) and 1798.80(e) ("Personal Information" defined to include: "postal

address," "email address," and "telephone number.") The California Constitution contains an explicit protection of individual privacy. See Cal. Const. art. 1, sec. 1. Plaintiff does not argue that the information sought does not implicate the California Constitution's privacy protections or that the information sought does not qualify as "personal information." As a result, Defendant was compelled to refrain from disclosing the Former Employees' Confidential Personal Information

### 3. Jeff Broudy's Deposition and the Instruction Not to Answer

Defendant's president, Jeff Broudy, was designated as Defendant's corporate witnesses for purposes of Plaintiff's deposition notice. At his deposition, Mr. Broudy testified that Steve Nachwalter, Jamie Montana and Ismaray Reigosa are all former employees of Defendant. When asked for personal information about these former employees, counsel for Defendant appropriately objected, explaining that the information sought was private, personal information and instructed Mr. Broudy to not answer the questions. See Holbrow Decl., ¶¶ 5-7.

Following the instruction, Defendant's counsel had a discussion with counsel for the Plaintiff regarding the instruction and the basis for its assertion. Counsel discussed, at the deposition, adjourning the depositon to allow Defendant's counsel time to seek a protective order or Plaintiff's counsel time to file a motion to compel. Defendant's counsel indicated a willingness to do so, however, it was decided that it made more sense to complete the deposition and that the parties could work through any issues with respect to the privacy objections at a later time. Plaintiff's counsel agreed and Mr. Broudy's deposition was completed. See Holbrow Decl., ¶ 8.

### 4. Counsel's Instruction Not to Answer was Appropriate Based on the Privacy Interests Implicated

An instruction not to answer questions at a deposition is entirely proper when the questions seek information protected by an individual's right of privacy. *Robinson v. Chef's Warehouse,* 2017 U.S. Dist. LEXIS 167406 (N.D. Cal. 2017) (Court held that

counsel properly instructed witness not to answer deposition questions related to personnel information and that prior entry of protective order did not assuage the privacy concerns). In Robinson, Defendant's Rule 30(b)(6) witness was asked about the circumstances surrounding a prior employment termination and asked for his phone number. The Court found that the information regarding the witnesses prior termination was personal information and therefore the instruction not the answer was appropriately asserted by counsel.

Moreover, an instruction to not answer questions at a deposition is not rendered improper because the deposition is permitted to conclude before seeking the issuance of a protective order. See *BLK Enters., LLC v. Unix Packaging, Inc.*, 2018 U.S. Dist. LEXIS 224112 (C.D. Cal. 2018) (holding that a party does not waive its right to seek a protective order when counsel instructs a witness not to answer questions at a deposition and thereafter files a timely motion for relief under Federal Rule 26(c)).

5. <u>The Questionable Relevance of the Information Sought Does Not Outweigh the Privacy Interests of Steve Nachwalter, Jamie Montana, and Ismaray Reigosa</u>

The discovery of private information is entitled to particular scrutiny when sought in ongoing litigation. These interests are all the more important when the information sought related to non-parties to litigation. The discovery of private information is not automatically allowed in litigation, and requires a balancing of the public need for discovery against the fundamental right to privacy. *McClure v. Prisoner Transp. Servs. Of Am., LLC*, 2020 U.S. Dist. LEXIS 43407 *8 (E.D. Cal. March 12, 2020), citing *Cervantes v. CEMEX, Inc.,* 2014 U.S. Dist. LEXIS 115652, at *6 (E.D. Cal. Aug. 2014); see also Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984), cert. den. 469 U.S. 1108, 83 L. Ed. 2d 778, 105 S. Ct. 784 (1985) (Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted).

Here, there is no compelling interest in the information sought. The individuals whose contact information is sought are no longer employees of the Defendant and Plaintiff has failed to demonstrate any meaningful need for these individuals, which cannot be obtained from current employees. Plaintiff contends these witnesses are necessary because*: The individuals whose information is sought include an individual known to have authored false reviews, the former head of the call center who parted ways with the company after the outset of this litigation, and a third individual believed to have first-hand information regarding both practices and the consumer complaints received as a result of the misleading communications.* (Supra). There are no allegations in the Complaint regarding false reviews and the information sought regarding Defendant's practices can be obtained for current employees. In short, their knowledge of the facts and circumstances related to this litigation is speculative at best and cannot serve to outweigh the compelling privacy interest these individuals enjoy.

Moreover, insofar as it is the personal information of third parties that Plaintiff seeks, the Court should evaluate these requests with particular scrutiny.

6. <u>In the Alternative, Defendant seeks the Issuance of a Protective Order to Limit any Discovery Permitted by the Court.</u>

While Defendant contends that the information sought by Plaintiff is not relevant to the claims and defenses at issue herein, and that a careful balancing of the interests favors precluding discovery seeking the personal information of third parties Steve Nachwalter, Jamie Montana and Ismaray Reigosa, should the court permit such discovery, Defendant requests that the court issue a protective order to limit the scope and use of the personal information sought.

Federal Rule of Civil Procedure 26(c) permits any party to seek the issuance of a protective order, and permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective

order issued pursuant to Federal Rule 26(c) may prohibit the disclosure or discovery or may impose limits on the scope of the disclosure. Id.  A protective order may also help address concerns regarding the disclosure of private information. *Applied Med. Distribution Corp. v. Ah Sung Int'l Inc.*, 2015 U.S. Dist. LEXIS 189054 at *3 (C.D. Cal. Dec. 21, 2015), quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

Here, Defendant requests that any discovery sought from Steve Nachwalter, Jamie Montana and Ismaray Reigosa be (1) limited in scope to (a) encompass only their respective communications with the third parties previously identified by Plaintiff in this case and knowledge relating to Plaintiff or its customers; (b) to preclude discovery from these individuals related to unrelated aspects of Defendant's operations; and (2) Plaintiff should be compelled to compensate such former employees for their time spent addressing Plaintiff's discovery concerns.

7. <u>Plaintiff's Request for Sanctions on Its Motion To Compel</u>

There is no question that this is a reasonable dispute and that Defendant was justified in its concern regarding disclosing the private, confidential information of former employees.  Similarly, it was appropriate for Defendant's corporate witness to refrain from providing that information, in light of the legitimate privacy concerns implicated by Plaintiff's questions.  As set forth above, an instruction not to answer deposition questions is proper when the information sought implicates privacy interests.  Insofar as Defendant's position was reasonable and justified, an award of sanctions in favor of Plaintiff is not warranted.

DATED: March 26, 2020           NICHOLAS RANALLO, ATTORNEY AT LAW


By: _____/s/Nicholas Ranallo_____

|   |   |
|---|---|
| 1 | Nicholas Ranallo (Cal Bar # 275016) |
|   | Attorney for Plaintiff |
| 2 | 5058 57th Ave. S. |
|   | Seattle, WA 98118 |
| 3 | (831) 607-9229 |
| 4 | nick@ranallolawoffice.com |

DATED:  March 26, 2020            BUCHALTER
                                  A Professional Corporation


By: /s/ Willmore F. Holbrow III
    WILLMORE F. HOLBROW III
    MATTHEW L. SEROR
    Attorneys for Defendants DATA MOMMA,
    LLC, dba PCIHIPAA